*E-Filed 9/30/10*

MELINDA HAAG (CSBN 132612)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
CLAIRE T. CORMIER (CSBN 154364)
Assistant United States Attorney
150 Almaden Blvd., Suite 900
San Jose, California 95113
Telephone: (408) 535-5082
FAX: (408) 535-5081
claire.cormier@usdoj.gov

Attorneys for Department of Health and Human Services

Amitai Schwartz (State Bar No. 55187)
Moira Duvernay (State Bar No. 233279)
Law Offices of Amitai Schwartz
Watergate Towers
2000 Powell Street, Suite 1286
Emeryville, CA 94608
Telephone: (510) 597-1775
Facsimile: (510) 597-0957
attorneys@schwartzlaw.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ADVOCATES FOR NURSING HOME REFORM,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant | No. C 10-0773 RS<br><br>STIPULATION AND [~~PROPOSED~~] ORDER RE SETTLEMENT AND DISMISSAL |

Plaintiff California Advocates for Nursing Home Reform ("Plaintiff") and Defendant United States Department of Human Services ("Defendant"), by and through their undersigned counsel, hereby enter into this Stipulation and [Proposed] Order Re Settlement and Dismissal ("Stipulation") as follows:

1. Defendant shall pay to Plaintiff's counsel the amount of fifteen thousand U.S. dollars ($15,000.00) in full and complete satisfaction of Plaintiff's claims for attorneys' fees,

costs, and litigation expenses under the Freedom of Information Act ("FOIA") in the above-captioned matter. This payment shall constitute full and final satisfaction of any and all of Plaintiff's claims for attorneys' fees, costs, and litigation expenses in the above-captioned matter, and is inclusive of any interest. Payment of this money will be made by electronic funds transfer, and counsel for Plaintiff will provide the necessary information to counsel for Defendant to effectuate the transfer. Payment shall be made within thirty (30) days of the date this Stipulation is signed by all counsel and Plaintiff's counsel has provided the necessary information for the electronic funds transfer.

2. Upon the execution of this Stipulation, Plaintiff hereby releases and forever discharges Defendant, and its successors, the United States of America, and any department, agency, or establishment of the United States, and any officers, employees, agents, successors, or assigns of such department, agency, or establishment, from any and all claims and causes of action that Plaintiff asserts or could have asserted in this litigation, or which hereinafter could be asserted by reason of, or with respect to, or in connection with, or which arise out of, the FOIA request on which this action is based or any other matter alleged in the Complaint, including but not limited to all past, present, or future claims for attorneys' fees, costs, or litigation expenses in connection with the above-captioned litigation.

3. Plaintiff acknowledges that, in addition to the claims that were expressly stated in the Complaint, this Stipulation resolves any claims related to Plaintiff's requests for ASPEN/ACTS data within the possession, custody, or control of Defendant, or any substantially related data, for the period from September 2008 to and including August 31, 2010, including but not limited to letters from Plaintiff or Plaintiff's attorney sent to Defendant in December 2009 and April 2010.

4. The provisions of California Civil Code Section 1542 are set forth below:

> "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by its attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and

all rights it may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by it to be true, the Agreement shall be and remain effective notwithstanding such material difference.

5. Execution of this Stipulation and entry by this Court shall constitute dismissal of this case with prejudice pursuant to Fed. R. Civ. P. 41(a).

6. The parties acknowledge that this Stipulation is entered into solely for the purpose of settling and compromising any remaining claims in this action without further litigation, and it shall not be construed as evidence or as an admission on the part of Defendant, the United States, its agents, servants, or employees regarding any issue of law or fact, or regarding the truth or validity of any allegation or claim raised in this action, or as evidence or as an admission by the Defendant regarding Plaintiff's entitlement to attorneys' fees and other litigation costs under the FOIA. This Stipulation shall not be used in any manner to establish liability for fees, amounts, or hourly rates in any other case or proceeding involving Defendant.

7. This Stipulation is binding upon and inures to the benefit of the parties hereto and their respective successors and assigns.

8. If any provision of this Stipulation shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

9. This Stipulation shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this Stipulation has been freely and voluntarily entered into by the parties hereto. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Stipulation.

10. The persons signing this Stipulation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Stipulation.

12. This Stipulation may not be altered, modified or otherwise changed in any respect except in writing, duly executed by all of the parties or their authorized representatives.

13. This Stipulation may be executed in counterparts and is effective on the date by which both parties' counsel have executed the Stipulation.

SO STIPULATED AND AGREED this 30th day of September, 2010.

DATED: 9/30, 2010

Respectfully submitted,

LAW OFFICES OF AMITAI SCHWARTZ

AMITAI SCHWARTZ
Attorney for Plaintiff

DATED: Sept 30, 2010

MELINDA HAAG
United States Attorney

CLAIRE T. CORMIER
Assistant United States Attorney

~~[PROPOSED]~~ **ORDER**

Upon stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that this action is dismissed with prejudice on the terms and conditions described in the above Stipulation between the parties.

DATED: 9/30/10

Richard Seeborg
United States District Judge